1  ~~NEWMEYER & DILLION LLP~~
   ~~JOSEPH A. FERRENTINO, CBN 162855~~
2  ~~RONDI J. WALSH, CBN 158861~~
3  ~~895 Dove Street, 5th Floor~~
   ~~Newport Beach, California 92660~~
4  ~~(949) 854-7000; (949) 854-7099 (Fax)~~
5
6  ~~Attorneys for Plaintiff, CENTEX HOMES, a~~
   ~~Nevada general partnership~~
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CENTEX HOMES, a Nevada general partnership, | Case No. SACV13-998-DOC (ANx) |
| Plaintiff, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| vs. | Complaint filed: June 4, 2013<br>Removed: July 1, 2013 |
| LEXINGTON INSURANCE COMPANY, | |
| Defendant. | |
| AND RELATED CROSS-ACTION. | |

The Court, having read and considered the Stipulation re [Proposed] Stipulated Protective Order filed by Plaintiff Centex Homes ("Centex") and for good cause appearing,

IT IS HEREBY ORDERED that:

/ / /

/ / /

1

## STIPULATED PROTECTIVE ORDER

1.  ***Designation***. Documents produced pursuant to this Stipulated Protective Order ("Order") shall be designated by the producing party as "CONFIDENTIAL". Confidential information is information that has not been made public and that concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained. By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL". Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

2.  ***Scope***. The parties hereto agree that the protections conferred by this Protective Order cover not only the Claims Handling Materials, but also all copies, excerpts, or compilations of Claims Handling Materials.

However, the protections conferred by this Protective Order do not cover the following information:

   a.   Any information that is in the public domain at the time of disclosure to a Party or becomes part of the public domain after its disclosure to a Party as a result of publication not involving a violation of this

[PROPOSED] STIPULATED PROTECTIVE ORDER

4791927.1

        Protective Order, including becoming part of the public record through trial or otherwise; and

    b.    Any information known to the Party prior to the disclosure or obtained by the Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

    3.    ***Disclosure of Claims Handling Materials***. The Parties agree the Claims Handling Materials may only be disclosed to the following:

    a.    A Party, or an officer, director or employee of a Party deemed necessary by Counsel to aid in the prosecution, defense or settlement of this action and only under the conditions set forth herein;

    b.    Experts or consultants to any Party (along with clerical or secretarial staff);

    c.    Attorneys of record and in house counsel of a Party, including paralegals, clerks, legal assistants and support personnel;

    d.    Court reporters employed in this action;

    e.    A witness at any deposition or other proceeding in this action and/or counsel for such witness;

    f.    Reinsurers, retrocessionaries, accountants, and liquidators of insolvent insurers; and

    g.    Any other person to whom the Parties agree in writing.

Any person specified in 3(b), (d), (e) and (g) to whom the Claims Handling Materials are disclosed will be bound by the terms of this Order and must execute the "Nondisclosure Agreement" that is attached hereto as Exhibit A.

    4.    ***Inadvertent Disclosure of Claims Handling Materials***. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Claims Handling Materials to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

     a.    Notify in writing the Producing Party of the unauthorized disclosures;

     b.    Use its best efforts to retrieve all unauthorized copies of the Claims Handling Materials;

     c.    Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

     d.    Request such person or persons to execute the "Nondisclosure Agreement" that is attached hereto as Exhibit A.

5.    ***Filing and Use of Claims Handling Materials at Trial.***  If the Claims Handling Materials, or any portion thereof, are to be included in any papers to be filed in Court, such papers shall be labeled "Confidential -- Subject to Court Order" and filed under seal until further order of this Court.  In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

6.    ***Limitation of Use.***  The Claims Handling Materials shall only be used for the prosecution, defense or settlement of this lawsuit.

7.    ***Final Disposition of Case.***  Final Disposition of this case shall be deemed to be the later of:  (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Within sixty (60) days of Final Disposition of this Case, all Claims Handling Materials and all copies thereof, shall be:

     a.    Returned to Lexington's counsel;

     b.    Destroyed and Receiving Party's counsel shall provide Lexington's counsel with a certification that:

/ / /

  i. Identifies (by category, where appropriate) all the Claims Handling Materials that were returned or destroyed, and

  ii. Affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Claims Handling Materials; or

 c. Retained by Counsel as attachments, exhibits, notes or otherwise part of archival copies of pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product. Any such archival copies of Claims Handling Materials, or portions thereof, shall remain subject to this Protective Order.

8. ***Non-Waiver of Privileges or Objections.*** The production of the Claims Handling Materials shall not be deemed a waiver of the attorney client, attorney work product or any other applicable privilege. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, the production of any information or document under the terms of this Order, or any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

9. ***Right to Assert Other Objections.*** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

1   10. ***Right to Further Relief.*** This Protective Order shall be without
2   prejudice to the right of the parties: (i) to bring before the Court at any time the
3   question of whether any particular document or information is confidential or whether
4   its use should be restricted; or (ii) to present a motion to the Court under FRCP 26(c)
5   for a separate protective order as to any particular document or information, including
6   restrictions differing from those as specified herein.  This Order shall not be deemed
7   to prejudice the parties in any way in any future application for modification of this
8   Order.

9   11. ***Jurisdiction.*** The Court shall retain jurisdiction to enforce or modify
10  this Protective Order.  This Order shall survive the final termination of this action, to
11  the extent that the information contained in Confidential Material is not or does not
12  become known to the public, and the Court shall retain jurisdiction to resolve any
13  dispute concerning the use of information disclosed hereunder.  Upon termination of
14  this case, counsel for the parties shall assemble and return to each other all
15  documents, material and deposition transcripts designated as confidential and all
16  copies of same, or shall certify the destruction thereof.

**APPROVED AND SO ORDERED.**

DATED:  September 9, 2014     _____
HON. ~~DAVID O. CARTER~~
ARTHUR NAKAZATO
JUDGE OF THE U.S. DISTRICT COURT
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CENTEX HOMES, a Nevada general partnership, | Case No. SACV13-998-DOC (ANX) |
| Plaintiff, | **NONDISCLOSURE AGREEMENT** |
| vs. | Complaint filed: June 4, 2013<br>Removed: July 1, 2013 |
| LEXINGTON INSURANCE COMPANY, | |
| Defendant. | |
| AND RELATED CROSS-ACTION. | |

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Centex Homes v. Lexington Insurance Company*, United States District Court for the Central District of California, Civil Action No. 13-CV-00998-DOC (ANx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Date: _____    _____
                                                              Signature